while riding. * * * I paid out for medicines and liniment to apply on the leg between five and ten dollars, I would suppose. I feel the effects yet. I have been real lame since Sunday, because I am not accustomed to walking. When I walk any distance I feel it. I cannot walk with the same degree of freeness as I did before this thing occurred."

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

H. C. Soop (A. T. Clearwater, of counsel), for appellant.
Brinnier & Newcomb, for respondent.

PER CURIAM. There was, perhaps, sufficient evidence, though slight, upon the question of negligence on the part of the defendant, and the lack of contributory negligence on the part of the plaintiff, to warrant the submission of those questions to the jury. We are not, however, satisfied that the evidence shows any such injury to the plaintiff as warranted the jury in awarding her the sum of $1,000 as compensation therefor. We do not feel disposed to enter upon the discussion of the evidence in relation to her injuries, and the loss occasioned to her thereby. It would, perhaps, be hardly fair to the plaintiff to do so in the event of there being a new trial. We think the verdict should be set aside as excessive, and a new trial granted, unless the plaintiff, within 30 days after service of a copy of the order embodying this decision, stipulates to reduce the amount of the damages to the sum of $500, in which event the judgment, as so modified, should be affirmed, without costs of this appeal to either party.

---

### LANG v. WIESNER.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

JUDGMENT—OPENING DEFAULT.

A judgment against plaintiff by default, after denial of a motion to postpone, will not be opened where plaintiff had been frequently told that defendant would insist on trying the case, and he knew, three days before it was reached for trial, that it would be likely to be reached, and that he would be obliged to try it, but he made no effort to get his witnesses, though all but one lived in the city where the case was to be tried, and that one lived within three hours' ride, and the only reason given for the motion to postpone was that he wanted to move for leave to serve a supplemental complaint.

Appeal from special term, Monroe county.

Action by Frederick W. Lang against Joseph Wiesner for slander. The action was commenced by the service of summons and complaint on January 28, 1893. On April 26th following, plaintiff served an amended complaint, and on June 2d a second amended complaint. Issue was joined on June 26, 1893. The case was called for trial December 14, 1894, and plaintiff asked that the cause be postponed. The motion was refused, and defendant's motion that the complaint be dismissed was granted. On March 16, 1895, plaintiff moved for an order directing that the default be

opened, and that the judgment be set aside, and a trial directed. The motion was denied, and plaintiff appeals.  Affirmed.

The opinion of Mr. Justice RUMSEY at special term is as follows:

I can see no reason for opening this default. The plaintiff's attorney evidently did not intend to try this case at the circuit, although he was advised time and again that the defendant would insist on trying it. He knew, on December 11th, that the case would be likely to be reached, and that he would be obliged to try it; but he made no effort to get his witnesses, although all but one of them lived in Rochester, and that one lived less than three hours' ride from there. There was no claim made at the circuit, where the motion was made to put the case over, that plaintiff had tried to procure his witnesses, but the only excuse given was that he wanted to move for leave to serve a supplemental complaint. He has been guilty of laches even in that motion, so upon the whole I am clear that to open this default would operate to reward gross laches and punish diligence of the defendant in preparing for trial. Motion denied, with $10 costs.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Charles Roe, for appellant.
Werner & Harris, for respondent.

PER CURIAM.  Order affirmed, with $10 costs and disbursements, on the opinion of RUMSEY, J., delivered at special term.

---

(18 Misc. Rep. 49)

FERNSCHILD v. D. G. YUENGLING BREWING CO.

(Supreme Court, Appellate Term, First Department.  September 28, 1896.)

CONTRACTS—CONSTRUCTION—ASSUMPTION OF INDEBTEDNESS.

A new corporation was formed as a reorganization of another, under an agreement for the transfer to it of the property of the old company in consideration of the assumption of the old company's debts, except the claims of nonassenting bondholders. A resolution was adopted authorizing the purchase, and a bill of sale was prepared, providing that the new company should assume all the debts of the old company, except certain bonds. The reorganization committee reported that they had procured a bill of sale of all the property, which was to be delivered on "the assumption by the new company of all said debts and obligations." The chairman of the committee stated that the old company transferred all its property in consideration that the new company should assume all the debts and obligations of the old company, in addition to those specified in the reorganization agreement. Thereupon a resolution was adopted that the new company assumed "all the debts, obligations, and liabilities, of every kind and description, of [the old company], in addition to the bonds and other obligations mentioned in the agreement of reorganization." *Held,* that the obligation of the new company was to assume all the obligations of the old company, including its bonds. 38 N. Y. Supp. 119, reversed.

Appeal from city court of New York, general term.

Action by William Fernschild against the D. G. Yuengling Brewing Company to recover a debt alleged to be due plaintiff from D. G. Yuengling, Jr., Brewing Company. A judgment in favor of defendant was affirmed by the city court (38 N. Y. Supp. 119), and plaintiff appeals.  Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.